## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**CALVIN HAMPTON, PLAINTIFF,**

**FILED**

**v.**

AUG 2 5 2004

ARLEN B. COYLE, CLERK

By_____

Deputy

**OKTIBBEHA COUNTY SHERIFF DEPARTMENT, Sheriff Dolph Bryan, in his capacity of sheriff and individually, Sheriff Dept. Supervisor, James Lindsey, in his capacity of supervisor and individually, Deputy Samuel Gitchell, in his capacity of deputy and individually, Deputy Tommy Whitfield, in his capacity of deputy and individually, Oktibbeha County Justice Court Judge William Boykin in his capacity of judge and individually, Oktibbeha County Prosecutor Roy Carpenter, in his capacity of prosecutor and individually, and City of Starkville Municipal Court Judge William Eshee, in his capacity of judge and individually, DEFENDANTS**

CIVIL NO. _____ 1:04CV259-D-D

## COMPLAINT

**COMES NOW** the plaintiff Calvin Hampton, and files this his complaint pursuant to 42 U.S.C. Sections 1983 and 1985 to remedy defendants' conduct which carried out a pattern and practice that deprived plaintiff of rights and privileges secured and protected by the Constitution and laws of the United States including the fourth and fourteenth amendments. In support of his complaint, plaintiff will show the Court the following, *to-wit:*

Plaintiff alleges:

### DEFENDANTS

1. Oktibbeha County Sheriff Department officials and officers Dolph Bryan, Tommy Whitfield and James Lindsey may be served at 111 N. Washington St., Starkville, MS 39759. Samuel Gitchell may be served at 1251 Sandpiper Dr., Starkville, MS 39759.

2. Dolph Bryan is the sheriff and as chief executive and administrative officer of the county he is legally responsible for the operation of the Oktibbeha County Sheriff Department and for the activities of the deputies, employees and agents of the Sheriff Department.

3. James Lindsey is the sheriff department supervisor and is legally responsible for the supervision of deputies within the department.

4. Samuel Gitchell, James Lindsey, and Tommy Whitfield were sheriff department deputies at all times relevant to this complaint and were responsible for acting in the place and stead of the sheriff in the official business of the Oktibbeha county sheriff's office.

5. Oktibbeha County Prosecutor Roy Carpenter may be served at 101 E. Main St., Starkville, MS 39759 and 112 Belwood Dr., Starkville, MS 39759. Roy Carpenter is legally responsible for proceeding against persons charged with committing criminal acts in the Oktibbeha County.

6. Oktibbeha County Justice Court Judge William Boykin may be served at 104 Felix Long Dr., Starkville, MS 39759. William Boykin is legally responsible for the administration of justice in the name of Oktibbeha County.

7. City of Starkville Municipal Court Judge William Eshee may be served at 101 Lampkin St., Starkville, MS 39759. William Eshee is legally responsible for the administration of justice in the name of the City of Starkville.

### JURISDICTION AND VENUE

8. This Court has jurisdiction of this action under 42 U.S.C. Sections 1983 and 1985.

9. Venue is proper in the Northern District of Mississippi as the defendants reside and/or work in and the claim arose in the Northern District of Mississippi.

## STATEMENT OF RELEVANT FACTS

10. At all times relevant to this complaint plaintiff Calvin Hampton was a licensed school employee with the Starkville School District.

11. On April 29, 2002 while at work at the Quad County Alternative School Mr. Hampton was arrested by the Oktibbeha County Sheriff Department.

12. These events occurred prior to Mr. Hampton's arrest. Oktibbeha County Youth Court Judge William Eshee had issued a youth court warrant for a minor, Quintin Mathis who was a student at the Quad County Alternative School.

13. Deputy Samuel Gitchell went to the school to arrest the student.

14. Deputy Gitchell asked Mr. Hampton to get the student for him.

15. Mr. Hampton requested to see the warrant for the arrest of the student.

16. The deputy informed Mr. Hampton that law enforcement officers did not show school personnel youth warrants.

17. Deputy Gitchell became very agitated at Mr. Hampton's repeated requests to see the warrant.

18. Deputy Gitchell finally acquiesced and showed Mr. Hampton the warrant.

19. Mr. Hampton had school personnel to get the student from class and deliver him to the deputy.

20. Before Deputy Gitchell left with the student Sheriff Department Supervisor, James Lindsey came to the school and informed Mr. Hampton that the law enforcement officers did not show school personnel youth warrants.

21. Deputy Gitchell left with the student and returned within approximately 30 minutes with Deputy Tommy Whitfield and a justice court warrant for the arrest of Mr. Hampton.

22. The warrant was issued by justice court Judge William Boykin.

23. Mr. Hampton was arrested, handcuffed, placed in a squad car, driven to the sheriff department and criminally processed.

24. Mr. Hampton was charged with resisting the arrest of another.

25. The criminal prosecution of Mr. Hampton ensued in justice court.

26. All justice court judges recused themselves.

27. Prosecutor Roy Carpenter repeatedly filed documents with the Oktibbeha Justice Court, the Starkville Municipal Court and the Oktibbeha Circuit Court that contained arguments that school personnel had no right to see court records regarding students.

28. Prosecutor Carpenter requested that municipal court judge Eshee be appointed to hear the case.

29. Municipal court judge Eshee is also the same youth court judge that issued the warrant for the arrest of the student which Mr. Hampton requested to see when he was arrested.

30. Judge Eshee was appointed after Prosecutor Carpenter's request and did convict Mr. Hampton of resisting arrest.

4

32. Mr. Hampton appealed his conviction to the Oktibbeha County Circuit Court where the case was dismissed on October 29, 2003.

## FACTUAL ALLEGATIONS

### I.

a. Oktibbeha County Sheriff Department officials and officers (Sheriff Bryan, Deputy Lindsey, Deputy Gitchell and Deputy Whitfield) acted under color of state law to deprive plaintiff of his constitutional right to liberty and due process when they conspired to submit false and incomplete information in order to secure a warrant for the arrest of plaintiff from a court which did not have jurisdiction, without probable cause instigating the malicious prosecution of the plaintiff.

b. These acts were done maliciously, intentionally and in reckless disregard for the resulting injury suffered by plaintiff.

c. Defendant's acts did cause plaintiff to suffer damage to his physical, emotional, social and financial well-being.

### II.

Plaintiff suffered injury from the abusive malicious acts of the Oktibbeha County Sheriff Department officials and officers which were administered in retaliation of plaintiff's exercise of his statutory right and pursuant to the Sheriff Department's policy, custom and practices of refusing to allow school personnel to see student arrest warrants.

### III.

a. Justice Court judge William Boykin acted under color of state law when he initiated the malicious prosecution of plaintiff depriving plaintiff of his constitutional right to liberty and due process in the absence of judicial jurisdiction.

5

b. This act was done in reckless disregard for the resulting injury suffered by plaintiff.

c. Defendant's acts did cause plaintiff to suffer damage to his physical, emotional, social and financial well-being.

## IV.

a. Oktibbeha County Prosecutor Roy Carpenter acted under color of state law in conspiring with the other named defendants to deprive plaintiff of his constitutional right to liberty, due process and a fair trial by obstructing justice in pursuing the malicious prosecution of plaintiff in violation of statutory law, absent probable cause, and in complete absence of jurisdiction and securing the appointment of a biased judge with the purpose to convict plaintiff without jurisdiction.

b. This act was done maliciously and in reckless disregard for the resulting injury suffered by plaintiff.

c. Defendant's acts did in fact cause plaintiff to suffer damage to his physical, emotional, social and financial well-being.

## V.

a. Municipal Court Judge William Eshee acted under color of state law in conspiring with the other named defendants to deprive plaintiff of his constitutional right to liberty, due process and a fair trial by harboring a predetermined outcome in plaintiff's court proceeding which was held in violation of statutory law, absent probable cause and in complete absence of judicial jurisdiction.

b. This act was done maliciously and in reckless disregard for the resulting injury suffered by plaintiff.

6

c. Defendant's acts caused plaintiff to suffer damage to his physical, emotional, social and financial well-being.

## VI.

a. Defendants' acts caused plaintiff to be deprived of his right to due process provided by the Constitution of the United States' fourth and fourteenth amendments, U.S.C. Sections 1983 and 1985, M.C.A. Section 43-21-261, and M.C.A. Section 99-3-28.

b. Defendants' acts were done with malice and in reckless disregard for the consequences to plaintiff.

c. Defendants' acts were designed to oppress and inflict emotional distress upon plaintiff.

d. Defendants' acts caused plaintiff to suffer damage to his physical, emotional, social and financial well-being.

## VII.

a. Defendants Oktibbeha County officials maintained and operated under a policy of refusing to show school personnel arrest warrants for students in violation of M.C.A. Section 43-21-261.

b. Defendants Oktibbeha County officials' retaliatory act of maliciously prosecuting plaintiff, a licensed school employee, violated M.C.A. Sections 43-21-261 and 99-3-28, 42 U.S.C. Sections 1983 and 1985 and the Constitution of the United States.

c. Defendant municipal court judge acted in complete absence of jurisdiction by participating as a conspirator conducting and carrying out the malicious criminal

prosecution of a licensed school employee violating M.C.A. Sections 43-21-261 and 99-3-28, 42 U.S.C. Sections 1983 and 1985 and the Constitution of the United States.

d. The defendants' policies, customs and retaliatory acts caused plaintiff to be deprived of his constitutional right to liberty, due process and a fair trial.

e. These policies, practices, procedures and actions of the defendants caused plaintiff to suffer damage to his physical, emotional, social and financial well-being.

## CAUSE OF ACTION

Through the actions described in paragraphs I – VII above, the defendants, under color of state law and without jurisdiction, engaged in practices and patterns of conduct that deprived plaintiff of rights and privileges secured and protected by the Constitution and laws of the United States.

Defendants' actions were malicious, intentional and done in reckless disregard for the harmful consequences to plaintiff. The actions of the defendants caused plaintiff to suffer damage to his physical, emotional, social and financial well-being.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

a. order the named defendants to pay plaintiff $20,000 in compensatory damages;

b. order the named defendants to pay plaintiff punitive damages for their malicious intentional acts done in reckless disregard for the harm to plaintiff;

c. order the named defendants to pay plaintiff's reasonable attorney fees;

d. order that a jury trial be had in this matter;

e. order such other appropriate relief as the interests of justice may require.

8

Respectfully submitted on this the 25th day of *August*, 2004.

           **CALVIN HAMPTON**
           **PLAINTIFF**

           **LINDA A. HAMPTON, MSB 3024**
           **ATTORNEY FOR PLAINTIFF**

**HAMPTON & ASSOCIATES LAW OFFICE**
**P.O. BOX 99**
**DEKALB, MS 39328**
**TELEPHONE: 601-743-4855**
**FAX: 601-743-4853**

9