**FILED**

NOV 2 9 2004

ARLEN B. COYLE, CLERK
BY:_____
            Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**CALVIN HAMPTON**                                                                    **PLAINTIFF**

**V.**                                                                    **CIVIL ACTION NO. 1:04CV259-D-D**

**OKTIBBEHA COUNTY SHERIFFS DEPARTMENT,
SHERIFF DOLPH BRYAN, in his capacity of sheriff
And individually, SHERIFFS DEPARTMENT
SUPERVISOR, JAMES LINDSEY, in his capacity of
Supervisor and individually, DEPUTY SAMUEL
GITCHELL, in his capacity of deputy and individually,
DEPUTY TOMMY WHITFIELD, in his capacity of
Deputy and individually, OKTIBBEHA COUNTY
JUSTICE COURT JUDGE WILLIAM BOYKIN, in
His capacity of judge and individually, OKTIBBEHA
COUNTY PROSECUTOR ROY CARPENTER, in his
Capacity of prosecutor and individually, and CITY OF
STARKVILLE MUNICIPAL COURT JUDGE
WILLIAM ESHEE, in his capacity of judge and individually**                **DEFENDANTS**

### ANSWER

COME NOW Defendants Oktibbeha County Sheriff's Department, Sheriff Dolph Bryan,

Sheriff's Department Supervisor James Lindsey, Deputy Samuel Gitchell, and Deputy Tommy

Whitfield and Answer the Plaintiff's Complaint as follows:

### FIRST DEFENSE

The individual Defendants are qualifiedly immune in their individual capacities as to all

claims brought pursuant to 42 U.S.C. §1983.

### SECOND DEFENSE

The Defendant Oktibbeha County is absolutely immune from any punitive damages

liability for claims brought pursuant to 42 U.S.C. §1983.

## THIRD DEFENSE

The Plaintiff fails to state a claim for malicious prosecution and/or false arrest as the Plaintiff cannot demonstrate that any prosecution, if any, was terminated in his favor.

## FOURTH DEFENSE

The Plaintiff fails to state a claim for false arrest against these Defendants as Calvin Hampton was arrested pursuant to a lawfully obtained warrant.

## FIFTH DEFENSE

The Plaintiff fails to state a claim for false arrest against these Defendants as the arrest of Calvin Hampton was supported by probable cause.

## SIXTH DEFENSE

The Defendant Oktibbeha County is not liable as to any claim brought pursuant to 42 U.S.C. §1983 because any constitutional tort alleged to have been committed by the individual Defendants was not the result of the execution of a County policy.

## SEVENTH DEFENSE

And now, answering the allegations of the Complaint, paragraph by paragraph, the Defendants respond as follows:

1.  The allegations in paragraph 1 are admitted.

2.  The allegations in paragraph 2 are admitted in part and denied in part. It is admitted that Dolph Bryan is the Sheriff of Oktibbeha County, Mississippi. However, it is denied that Sheriff Bryan is the chief executive and administrative officer of the County, and that he is legally responsible for the operation of the Oktibbeha County Sheriff Department and for the activities of his deputies.

2

3. The allegations in paragraph 3 are admitted in part and denied in part. It is admitted that James Lindsey is a shift supervisor for the Sheriff's Department, but it is denied that he is legally responsible for the supervision of deputies within the department.

4. The allegations in paragraph 4 are admitted in part and denied in part. It is admitted that Gitchell, Lindsey, and Whitfield were sheriff department deputies at all times relevant to this complaint, but it is denied that each were responsible for acting in the place and stead of the sheriff in the official business of the sheriff's office.

5. The allegations in paragraph 5 are admitted in part and denied in part. It is admitted that Roy Carpenter can be served at the stated address, but the Defendant lack sufficient information to admit or deny the scope of Carpenter's ;legal responsibility, and therefore deny same.

6. The allegations in paragraph 6 are admitted in part and denied in part. It is admitted that Judge Boykin may be served at the stated address, but the Defendants lack sufficient information to admit or deny the scope of Boykin's legal responsibility, and therefore deny same.

7. The allegations in paragraph 7 are admitted in part and denied in part. It is admitted that Judge Eshee may be served at the stated address, but the Defendant lack sufficient information to admit or deny the scope of Eshee's legal responsibility, and therefore deny same.

8. The allegations is paragraph 8 are admitted.

9. The allegations is paragraph 9 are admitted.

10. The allegations is paragraph 10 are admitted.

11. The allegations is paragraph 11 are admitted.

12. The allegations is paragraph 12 are admitted.

13. The allegations is paragraph 13 are admitted.

14. The allegations is paragraph 14 are admitted.

15. The allegations is paragraph 15 are admitted.

16. The allegations is paragraph 16 are admitted.

17. The allegations is paragraph 17 are denied.

18. The allegations is paragraph 18 are admitted.

19. The allegations is paragraph 19 are admitted.

20. The allegations is paragraph 20 are denied.

21. The allegations is paragraph 21 are admitted in part and denied in part. It is admitted that Gitchell left with the student and then returned with Whitfli4ed to arrest Hampton on a lawfully obtained warrant. The remaining allegations are denied.

22. The allegations is paragraph 22 are admitted.

23. The allegations is paragraph 23 are admitted.

24. The allegations is paragraph 24 are admitted.

25. The allegations is paragraph 25 are admitted.

26. The allegations is paragraph 26 are denied.

27. The Defendants lack sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint and therefore deny same.

28.     The Defendants lack sufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint and therefore deny same.

29.     The allegations in paragraph 29 are admitted.

30.     The Defendants lack sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint and therefore deny same. However, it is admitted that Mr. Hampton was convicted of resisting arrest.

31.     It would appear that the Complaint does not contain a paragraph 31.

32.     The allegations in paragraph 32 are admitted.

33.     The allegations in paragraph I a. are denied.

34.     The allegations in paragraph I b. are denied.

35.     The allegations in paragraph I c. are denied.

36.     The allegations in paragraph II are denied.

37.     The allegations in paragraph III a. are denied.

38.     The allegations in paragraph III b. are denied.

39.     The allegations in paragraph III c. are denied.

40.     The allegations in paragraph IV a. are denied.

41.     The allegations in paragraph IV b. are denied.

42.     The allegations in paragraph IV c. are denied.

43.     The allegations in paragraph V a. are denied.

44.     The allegations in paragraph V b. are denied.

45.     The allegations in paragraph V c. are denied.

46.     The allegations in paragraph VI a. are denied.

47.     The allegations in paragraph VI b. are denied.

5

48. The allegations in paragraph VI c. are denied.

49. The allegations in paragraph VI d. are denied.

50. The allegations in paragraph VII a. are denied.

51. The allegations in paragraph VII b. are denied.

52. The allegations in paragraph VII c. are denied.

53. The allegations in paragraph VII d are denied.

54. The allegations in paragraph VII e. are denied.

55. The allegations contained in the unnumbered paragraphs under the heading CAUSE OF ACTION are hereby denied.

56. The allegations contained in paragraphs a-e under the heading PRAYER FOR RELIEF are denied, and it is further stated that the Plaintiff is entitled to no relief whatsoever from these Defendants.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court dismiss this action at cost to the Plaintiff and award Defendants their costs incurred in the defense of this frivolous matter, including an award for attorney's fees. Defendants would also request any other relief which the Court may find warranted in the premises.

THIS, the 22nd day of November, 2004.

Respectfully submitted,

CLAYTON O'DONNELL WALSH & DAVIS, PLLC
1005 Jackson Avenue
P.O. Drawer 676
Oxford, MS 38655
Telephone: (662) 234-0900
Facsimile: (662) 234-3557

DAVID D. O'DONNELL, MSB# 3912
S. RAY HILL, III MSB #100088
*Attorneys for Defendants*

6

## CERTIFICATE OF SERVICE

I, S. Ray Hill, III, do hereby certify that I have this date mailed by United States mail, postage prepaid, a true and correct copy of Defendants' Answer to Plaintiff's Complaint to:

Linda Hampton, Esq.
P.O Box 99
Dekalb, MS 39328

THIS, the _2nd_ day of November, 2004.

_____
S. RAY HILL, III

7