**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

DEC 2 8 2004

ARLEN BOYLE, CLERK
By_____
Deputy

CALVIN HAMPTON                                                     PLAINTIFF

V.                                              CIVIL ACTION NO. 1:04CV259-D-D

OKTIBBEHA COUNTY SHERIFFS DEPARTMENT,
SHERIFF DOLPH BRYAN, in his capacity of sheriff
And individually, SHERIFFS DEPARTMENT
SUPERVISOR, JAMES LINDSEY, in his capacity of
Supervisor and individually, DEPUTY SAMUEL
GITCHELL, in his capacity of deputy and individually,
DEPUTY TOMMY WHITFIELD, in his capacity of
Deputy and individually, OKTIBBEHA COUNTY
JUSTICE COURT JUDGE WILLIAM BOYKIN, in
His capacity of judge and individually, OKTIBBEHA
COUNTY PROSECUTOR ROY CARPENTER, in his
Capacity of prosecutor and individually, and CITY OF
STARKVILLE MUNICIPAL COURT JUDGE
WILLIAM ESHEE, in his capacity of judge and individually        DEFENDANTS

### SEPARATE ANSWER OF
### DEFENDANT WILLIAM ESHEE

COMES NOW William Eshee, one of the Defendants herein, by and through the

undersigned counsel, and files his Answer to the Plaintiff's Complaint and would respond as

follows:

### FIRST DEFENSE

Defendant Eshee is qualifiedly immune in his individual capacities as to all claims

brought pursuant to 42 U.S.C. §1983.

### SECOND DEFENSE

Defendant Eshee is absolutely immune from liability for claims brought pursuant to 42

U.S.C. §1983 and state law as he acted in a judicial capacity.

## THIRD DEFENSE

The Plaintiff fails to state a claim for malicious prosecution and/or false arrest as the Plaintiff cannot demonstrate that any prosecution, if any, was terminated in his favor.

## FOURTH DEFENSE

The Plaintiff fails to state a claim for false arrest against this Defendant as Calvin Hampton was arrested pursuant to a lawfully obtained warrant.

## FIFTH DEFENSE

The Plaintiff fails to state a claim for false arrest against this Defendant as the arrest of Calvin Hampton was supported by probable cause.

## SIXTH DEFENSE

All state law claims are barred by the applicable statute of limitations.

## SEVENTH DEFENSE

And now, answering the allegations of the Complaint, paragraph by paragraph, the Defendant responds as follows:

1.  The allegations in paragraph 1 are admitted.

2.  The allegations in paragraph 2 are admitted in part and denied in part. It is admitted that Dolph Bryan is the Sheriff of Oktibbeha County, Mississippi. However, it is denied that Sheriff Bryan is the chief executive and administrative officer of the County, and that he is legally responsible for the operation of the Oktibbeha County Sheriff Department and for the activities of his deputies.

3.  The allegations in paragraph 3 are admitted in part and denied in part. It is admitted that James Lindsey is a shift supervisor for the Sheriff's Department, but

2

it is denied that he is legally responsible for the supervision of deputies within the department.

4. The allegations in paragraph 4 are admitted in part and denied in part. It is admitted that Gitchell, Lindsey, and Whitfield were sheriff department deputies at all times relevant to this complaint, but it is denied that each were responsible for acting in the place and stead of the sheriff in the official business of the sheriff's office.

5. The allegations in paragraph 5 are admitted in part and denied in part. It is admitted that Roy Carpenter can be served at the stated address, but the Defendant lacks sufficient information to admit or deny the scope of Carpenter's legal responsibility, and therefore denies same.

6. The allegations in paragraph 6 are admitted in part and denied in part. It is admitted that Judge Boykin may be served at the stated address, but the Defendant lacks sufficient information to admit or deny the scope of Boykin's legal responsibility, and therefore denies same.

7. The allegations in paragraph 7 are admitted in part and denied in part. It is admitted that Judge Eshee may be served at the stated address, but the Defendant lacks sufficient information to admit or deny the scope of Eshee's legal responsibility, and therefore denies same.

8. The allegations in paragraph 8 are admitted.

9. The allegations in paragraph 9 are admitted.

10. The allegations in paragraph 10 are admitted.

11. The allegations in paragraph 11 are admitted.

3

12.  The allegations in paragraph 12 are admitted.

13.  The allegations in paragraph 13 are admitted.

14.  The allegations in paragraph 14 are admitted.

15.  The allegations in paragraph 15 are admitted.

16.  The allegations in paragraph 16 are admitted.

17.  The allegations in paragraph 17 are denied.

18.  The allegations in paragraph 18 are admitted.

19.  The allegations in paragraph 19 are admitted.

20.  The allegations in paragraph 20 are denied.

21.  The allegations in paragraph 21 are admitted in part and denied in part. It is admitted that Gitchell left with the student and then returned with Whitfield to arrest Hampton on a lawfully obtained warrant. The remaining allegations are denied.

22.  The allegations in paragraph 22 are admitted.

23.  The allegations in paragraph 23 are admitted.

24.  The allegations in paragraph 24 are admitted.

25.  The allegations in paragraph 25 are admitted.

26.  The allegations in paragraph 26 are denied.

27.  The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint and therefore denies same.

28.  The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint and therefore denies same.

29.  The allegations in paragraph 29 are admitted.

4

30. The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 30 of the Complaint and therefore denies same. However, it is admitted that Mr. Hampton was convicted of resisting arrest.

31. It would appear that the Complaint does not contain a paragraph 31.

32. The allegations in paragraph 32 are admitted.

33. The allegations in paragraph I a. are denied.

34. The allegations in paragraph I b. are denied.

35. The allegations in paragraph I c. are denied.

36. The allegations in paragraph II are denied.

37. The allegations in paragraph III a. are denied.

38. The allegations in paragraph III b. are denied.

39. The allegations in paragraph III c. are denied.

40. The allegations in paragraph IV a. are denied.

41. The allegations in paragraph IV b. are denied.

42. The allegations in paragraph IV c. are denied.

43. The allegations in paragraph V a. are denied.

44. The allegations in paragraph V b. are denied.

45. The allegations in paragraph V c. are denied.

46. The allegations in paragraph VI a. are denied.

47. The allegations in paragraph VI b. are denied.

48. The allegations in paragraph VI c. are denied.

49. The allegations in paragraph VI d. are denied.

50. The allegations in paragraph VII a. are denied.

5

51. The allegations in paragraph VII b. are denied.

52. The allegations in paragraph VII c. are denied.

53. The allegations in paragraph VII d are denied.

54. The allegations in paragraph VII e. are denied.

55. The allegations contained in the unnumbered paragraphs under the heading "CAUSE OF ACTION" are hereby denied.

56. The allegations contained in paragraphs a-e under the heading "PRAYER FOR RELIEF" are denied, and it is further stated that the Plaintiff is entitled to no relief whatsoever from this Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court dismiss this action at cost to the Plaintiff and award Defendant his costs incurred in the defense of this frivolous matter, including an award for attorney's fees. The Defendant would also request any other relief which the Court may find warranted in the premises.

THIS, the _____ day of December, 2004.

Respectfully submitted,

CLAYTON O'DONNELL WALSH & DAVIS, PLLC
1005 Jackson Avenue
P.O. Drawer 676
Oxford, MS 38655
Telephone: (662) 234-0900
Facsimile: (662) 234-3557

_____
DAVID D. O'DONNELL, MSB# 3912
S. RAY HILL, III MSB #100088
*Attorneys for Defendant William Eshee*

6

## CERTIFICATE OF SERVICE

We, David D. O'Donnell and S. Ray Hill, III, do hereby certify that we have this date mailed by United States mail, postage prepaid, a true and correct copy of the Separate Answer of Defendant William Eshee to Plaintiff's Complaint to:

> Linda Hampton, Esq.
> P.O Box 99
> Dekalb, MS 39328

THIS, the _____ day of December, 2004.

**DAVID D. O'DONNELL**

7