IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CALVIN HAMPTON                                                                                              PLAINTIFF

VS.                                                                                                    No. 1:04cv259-D-D

OKTIBBEHA COUNTY SHERIFFS DEPARTMENT, et. al.                                DEFENDANTS

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendant Judge William Eshee's motion for summary judgment.[1] Upon due consideration, the Court finds that the motion shall be granted.

A. Factual History

On April 29, 2003, Plaintiff was arrested by the Oktibbeha County Sheriff's Department for resisting arrest of another. Plaintiff was a certified teacher employed at the Quad County Alternative School operated by the Starkville School District. On the date in question, Deputy Samuel Gitchell of the Oktibbeha County Sheriff's Department arrived at the Quad County Alternative School to lawfully arrest a juvenile, Quentin Mathis. Deputy Gitchell informed the Plaintiff of his intention to arrest Mathis and asked the Plaintiff to retrieve Mathis. The Plaintiff objected to the arrest on school grounds without seeing the warrant. Juvenile warrants are normally sealed, and Deputy Gitchell refused to allow Plaintiff to see the warrant. After an agitated exchange, Deputy Gitchell finally acquiesced because school was about to let out. The Plaintiff then had school personnel retrieve Mathis and Gitchell took him into custody.

After a discussion with his superiors, Gitchell and Deputy Tommy Whitfield returned to the Quad County Alternative School and arrested the Plaintiff for resisting arrest of another.

---

[1] The Defendant also filed a motion to strike Plaintiff's supplemental reply to Defendant's motion for summary judgment. The Court finds the motion to strike to be moot.

Prior to the Plaintiff's criminal trial, three presiding Justice Court Justices recused themselves. The case then fell into the hands of Oktibbeha County Circuit Judge Lee J. Howard. Judge Howard assigned the case to Municipal Court Judge William Eshee. The Plaintiff disagreed with this assignment and moved for reconsideration. That request was denied and Plaintiff was subsequently convicted of resisting arrest. The Plaintiff appealed to the Oktibbeha County Circuit Court. That court issued a directed verdict in favor of the Plaintiff.

The Plaintiff filed this action under 42 U.S.C. §§ 1983, 1985 asserting that the Defendants acted under color of state law to deprive the Plaintiff of his rights and privileges protected by the Fourth and Fourteenth Amendments. Specifically, the Plaintiff alleged that Judge Eshee acted under color of state law in conspiracy with the other Defendants to deprive him of his right to liberty, due process and a fair trial by harboring a predetermined outcome in Plaintiff's court proceeding. In addition, Plaintiff states that Judge Eshee acted in violation of state law, without probable cause, and in complete absence of jurisdiction.

Defendant William Eshee now moves this Court to grant summary judgment because Defendant William Eshee is entitled to absolute immunity for judicial acts. The Defendant states his actions were judicial in nature and that he acted within his jurisdiction. However, Plaintiff argues that Mississippi Code Section 99-3-28 only allows circuit court judges to issue arrest warrants, Judge Eshee acted without jurisdiction, and that judicial immunity does not apply to injunctive relief. Defendant replied that The Federal Courts Improvement Act does not allow suits for injunctive relief when a judge has absolute immunity. The Court finds none of the Plaintiff's arguments persuasive and further finds that Judge Eshee is entitled to absolute immunity for his judicial acts.

B.  Standard of Review

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact.  Celotex Corp. V. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing...that there is an absence of evidence to support the non-moving party's case" Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trail.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. At 2553, 91 L. Ed. 2d At 274.  That burden is not discharged by  "mere allegations or denials." Fed. R. Civ. P. 56(e).  All legitimate factual inferences must be made in favor of the non-movant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct 2505, 2513, 91 L. Ed. 2d 202, 216 (1986).  Rule 56(C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322, 106 S. Ct. At 2552, 91 L. Ed. 2d at 273.  Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant.  Matsushita Elec. Indus. V. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 536, 552 (1986).

C.  Discussion

It is well established that absolute judicial immunity extends to judicial acts performed in judicial proceedings.  Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996); Pierson v. Ray, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 1217-18, 18 L. Ed. 2d 288 (1967).  Absolute immunity extends to all judicial acts so long as they are not performed in the clear absence of jurisdiction.  Malina

v. Gonzales, 994 F.2d 1121, 1123 (5th Cir. 1993) (*citing* Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir. 1985), *cert. denied*, 474 U.S. 1101, 106 S. Ct. 883, 88 L. Ed. 2d 918 (1986)). " A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978). Absolute judicial immunity ensures the continued impartial and independent nature of the judicial system. Antoine v. Byers & Anderson, 508 U.S. 429, 435, 113 S. Ct. 2167, 2171, 124 L. Ed. 2d 391 (1993).

In McAlester v. Brown, the Fifth Circuit created a four-part test to determine whether or not a judge's actions were of a judicial nature. 469 F.2d 1280, 1282 (5th Cir. 1982). The Court considers: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. Id. These four factors are to be broadly construed in favor of immunity. Adams, 764 F.2d at 297. The Court will now consider if Judge Eshee's decision meets the definition of a judicial action.

First, Judge Eshee's convicting the Plaintiff of a misdemeanor action is a normal judicial function. Judges are immune for actions of arraigning, convicting, and sentencing. Lopez v. Vanderwater, 620 F.2d 1229, 1235 (7th Cir. 1980), *cert. denied*, 449 U.S. 1028, 101 S. Ct. 601, 66 L. Ed. 2d 491 (1980). Therefore, the first prong weighs in favor of immunity. Second, this action took place in the Municipal Court. Third, this lawsuit arises out of a criminal conviction. Fourth, Judge Eshee was sitting as a municipal court judge when he convicted the Plaintiff. Therefore, the Court finds the Defendant meets all four criteria for a judicial act and thus, his

actions in convicting the Plaintiff are immune.

Absolute immunity for judicial acts of judges acting within their jurisdiction also applies to suits brought pursuant to 42 U.S.C. § 1983. Mays, 97 F.3d at 111. See Pierson, 386 U.S. at 554, 87 S. Ct. at 1218 (Section 1983 does not abrogate judicial immunity afforded to judges under the common law). The judicial immunity doctrine also immunizes judges acting in their judicial capacity from suits for injunctive relief. Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000). Plaintiff relies on the Supreme Court's ruling in Pulliam v. Allen, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), which stood for the proposition that judicial immunity was not a bar to suits for injunctive relief. Plaintiff's reliance on that case is misplaced in light of the Federal Courts Improvement Act of 1996 ("FCIA"). See Pub. L. No. 104-317. The FCIA extended the doctrine of judicial immunity to injunctive relief, damages, and precluded costs and attorneys' fees in § 1983 suits against the judiciary unless a declaratory decree was violated or declaratory relief was unavailable. Corliss v. O'Brien, 2005 WL 2334792, *2, (M.D. PA. 2005); Bolin v.Story, 225 F.3d at 1242; Kampfer v. Scullin, 989 F. Supp. 194, 201 (N.D. NY. 1997). Section 309 of the FCIA was intended to correct the flaw of Pulliam and extend judicial immunity to claims for injunctive relief, as well as attorney's fees and costs. Id. The Senate Judiciary Committee stated in its report that, "This Section [309] restores the doctrine of judicial immunity to the status it occupied prior to the Supreme Court's decision in Pulliam v. Allen." 1996 U.S.C.C.A.N. 4202, 4216-17.

After a thorough review of the facts, the Court finds that Judge Eshee was acting in performance of his judicial duties at all times in his dealings with the Plaintiff. It is clear that this was not a declaratory action and it is also clear that Judge Eshee was not violating any declaratory decree. In addition, the Plaintiff has not alleged any violation of a declaratory decree,

nor has the Plaintiff alleged that declaratory relief in unavailable. Therefore, in accordance with the FCIA, Judge Eshee is immune from the Plaintiff's claim for damages and injunctive relief.

D. Conclusion

Upon due consideration, the Court finds that Judge Eshee was acting in his judicial capacity and performing his official judicial duties at all time. Thus, the Court finds that the doctrine of judicial immunity applies to all of Plaintiff's § 1983 and § 1985 claims for damages and injunctive relief against Judge Eshee. Therefore, the Court finds that there are no issues of material fact against this Defendant; thus, Defendant has met his burden for summary judgment.

THEREFORE, it is hereby ORDERED that Defendant's motion for summary judgment (docket entry 28) shall be GRANTED and the Plaintiff's claims against Defendant William Eshee are DISMISSED.

SO ORDERED, this the 24th day of October 2005

/s/ Glen H. Davidson
Chief Judge